# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 236 - 3 & 5 | **DATE** | 11/24/2003 |
| **CASE TITLE** | USA vs. Jenkins and Coleman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying motions for new trial by defendants.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | NOV 25 2003 date docketed | | |
| | Notified counsel by telephone. | | | 339 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 11/24/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 CR 236 |
| ) | |
| ZACHARY JENKINS and MERLIN COLEMAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Zachary Jenkins and Merlin Coleman were convicted of multiple charges in connection with a conspiracy to distribute cocaine. Mr. Jenkins moves for judgment of acquittal or in the alternative for a new trial. Mr. Coleman also moves for a new trial and in arrest of judgment. I deny the motions.

Rule 29 permits motions for judgment of acquittal on the ground that the evidence is "insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). A court evaluating such a motion evaluates the sufficiency of the evidence in the light most favorable to the government, and should grant the motion only where no rational jury could have returned a guilty verdict. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003). None of Mr. Jenkins' arguments meets this exacting standard.

Mr. Jenkins states that the government's evidence was insufficient to convict him of Count One, conspiracy, but that the jury found him guilty partly because of the "erroneous and confusing" jury instructions on that count. Mr. Jenkins provides

no further detail or argument on this point. The evidence at trial included Mr. Jenkins' confession to FBI agents that he was a cocaine dealer and distributed large amounts of cocaine to his co-defendants and numerous incriminating tape recorded conversations involving Mr. Jenkins. I find that the jury was not irrational to convict him on this count.

Mr. Jenkins was convicted of four counts of using the telephone to facilitate other offenses and complains that no witness specifically testified that the particular conversations which led to the convictions concerned drugs. However, several cooperating defendants testified at trial about the slang terms used in cocaine distribution, and the jury heard recorded telephone conversations which seemed to discuss drug distribution. A rational jury could convict on this basis.

Mr. Jenkins argues that the introduction of conversations about distribution was inadequate proof that such distribution actually took place, and thus that there is insufficient evidence to support his conviction under Count Eight. Even without Mr. Jenkins' confession that he distributed cocaine, the conversations support a rational inference that Mr. Jenkins distributed cocaine.

Mr. Jenkins challenges the sufficiency of the evidence as to Count Ten, possession with intent to distribute, on the grounds that Mr. Jenkins was not in possession or control of the cocaine in question, which was found in someone else's apartment when Mr.

Jenkins was not present, and that the government failed to prove intent to distribute, which cannot be presumed merely from the amount of drugs seized. The government responds that the cocaine was found in the 111th Street apartment of Mr. Jenkins' girlfriend, and Mr. Jenkins confessed to DEA officers that it was his cocaine and that he was engaged in cocaine distribution. Once again, it was rational to convict Mr. Jenkins on this count. The motion for a judgment of acquittal is DENIED on all counts.

Rule 33 allows motions for a new trial where it is required by the interests of justice. FED. R. CRIM. P. 33. The court may order a new trial only where the verdict is against the manifest weight of the evidence, and a guilty verdict would result in a miscarriage of justice. *United States v. Welch*, No. 02-CR818, 2003 U.S. Dist. LEXIS 9697, at *5 (N.D. Ill. Jun. 11, 2003) (Manning, J.). Such motions are disfavored, and properly granted only in the most extreme cases. *United States v. Linwood*, 142 F.3d 418, 422 (7th Cir. 1998). Mr. Jenkins points to six alleged errors, but none justifies the extraordinary remedy of a new trial.

Mr. Jenkins argues first that the court was wrong in holding that the identity of an informant was privileged, but offers no new arguments on the matter, and does not explain why this alleged error was so important that the conviction was a miscarriage of justice. Second, he argues that the court erred in allowing the government to introduce hearsay evidence regarding statements made

3

by Mr. Jenkins' girlfriend. The hearsay evidence was allowed only to provide context after Mr. Jenkins' own counsel elicited a partial version of the girlfriend's statements from a government witness. Third, Mr. Jenkins claims that "numerous statements" were introduced that were irrelevant and prejudicial hearsay. As Mr. Jenkins makes no attempt to identify these statements, or even the individual who allegedly made them, I do not find this a persuasive argument. Finally, Mr. Jenkins makes various arguments that the jury instructions were erroneous. These arguments were fully discussed at the jury instructions conference. Mr. Jenkins' motion for a new trial is DENIED.

Defendant Coleman's motions for a new trial and for arrest of judgment, are, to put it mildly, cursory. Motions for arrest of judgment are appropriate in cases where the indictment does not charge an offense, or the court has no jurisdiction of the charged offense. FED. R. CRIM. P. 34. Notwithstanding Mr. Coleman's bare allegation to the contrary, neither circumstance is present here. The motion for arrest of judgment is DENIED.

The motion for a new trial includes no argument whatsoever; it is simply a list of ten alleged court errors with no attempt made to explain why those errors justify a new trial. None of the ten statements suggests that the conviction was a miscarriage of justice. Like Mr. Jenkins' verdict, the verdict against Mr. Coleman was entirely consistent with the weight of the evidence, which

included numerous tape-recorded conversations between Mr. Coleman and co-defendant Kevin Reed, the testimony of a co-conspirator who received cocaine from Mr. Coleman, and the testimony of an FBI agent regarding Mr. Coleman's incriminating statements. Mr. Coleman's motion for a new trial is DENIED.

                                **ENTER ORDER:**

                                */s/ Elaine E. Bucklo*
                                **Elaine E. Bucklo**
                                United States District Judge

Dated:    November 24, 2003